UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAURIE L. BODLE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security Administration,<br><br>　　　　Defendant. | CASE NO.　C05-5340FDB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for June 2, 2006 |

　　　This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter has been briefed, and after reviewing the record, the undersigned recommends that the Court affirm the Administration's final decision.

FACTUAL AND PROCEDURAL  BACKGROUND

　　　Plaintiff, Laurie Bodle, was born in 1963; she is single with no children. She completed high school and has a couple years of college. Currently, she lives with her mother on a farm. Ms. Bodle worked as an assistant at the same veterinary clinic from 1993 to 2001. She last worked as a veterinarian's assistant in January, 2001 when she suffered an on the job injury while handling a 200 pound pot belly pig.

　　　Plaintiff alleges she is unable to work due to diabetes, hyperlipidemia, colitis, gastroesophageal reflux disease (GERD), chronic musculoskeletal problems and depression. She filed an application for disability insurance benefits and Supplemental Security Income (SSI) in July 2002, stating she has been

unable to work since January 8, 2001. Her applications were denied after a hearing and review by an administrative law judge (ALJ) and by the administration's Appeals Council.

Plaintiff now brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the administration's final decision denying plaintiff's applications for social security benefits. Plaintiff specifically contends: (1) the ALJ failed to adequately consider the lay testimony; (2) the ALJ failed to give weight to the treating physician, George Magley, M.D; and (3) the ALJ failed to properly consider Ms. Bodle's credibility.

## DISCUSSION

The Commissioner's decision must be upheld if the ALJ applied the proper legal standard and the decision is supported by substantial evidence in the record. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, this Court must uphold the Commissioner's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

The burden is on the claimant to prove that she is disabled within the meaning of the Social Security Act. See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 423(d)(1)(A). A claimant is disabled only if her impairments are of such severity that she is not only unable to do her previous work but cannot, considering age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. See 42 U.S.C. §§ 423(d)(2)(A), 1382c (a)(3)(B).

In the case at hand, the ALJ applied the five-step sequential evaluation process for determining whether a claimant is disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. See 20 C.F.R. §§ 416.920(a)(4)(i), 416.920(b). At

step two, the ALJ found that Plaintiff's diabetes was a severe impairment, as that term is defined by the regulations. See 20 C.F.R. §§ 416.920(a)(4)(ii), 416.920(c). At step three, the ALJ found that Plaintiff's impairments, alone or in combination, did not meet or equal the requirements of a listed impairment. See 20 C.F.R. §§ 416.920(a)(4)(iii), 416.920(d). The ALJ further determined that Plaintiff had the residual functional capacity to perform light capacity work, lifting no more than 20 pounds at a time, with frequent lifting or carrying of objects weighing up to 10 pounds; climb, balance, stoop and crawl for one-third of the eight-hour day, but not climb ladders, ropes, or scaffolds. See 20 C.F.R. §§ 416.920(e), 416.945. At step four, the ALJ found that Plaintiff proved she was unable to do any past work. See 20 C.F.R. §§ 416.920(a)(4)(iv), 416.920(f). At step five, the ALJ found that, based on the above residual functional capacity, Plaintiff's age, education and work experience, she could make an adjustment to work that exists in significant numbers in the regional economy as a telemarketer, which is sedentary, unskilled work at entry level, with 1,400 jobs existing in Washington. See 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(g). Thus, the ALJ ultimately concluded Ms. Bodle was not disabled and not entitled to any social security benefits.

**A. The ALJ properly weighed the medical evidence in the record**

The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). He may not, however, substitute his own opinion for that of qualified medical experts. Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982). If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996). In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion.

Here, plaintiff contends the ALJ erroneously rejected the opinion of Dr. Magley. On August 30, 2004, Dr. Magley wrote a letter, which opined that Plaintiff was "totally and completely disabled due to

several medical conditions that are not improving," including, diabetes, severe reflux symptoms, elevated cholesterol, marked depression, and marked exogenous obesity (Tr. 19, 472). Dr. Magley also noted in the letter that MS. Bodle was "developing emphysema and continue[d] to smoke[;]" and that all of her illnesses were being treated appropriately "with good patience (sic) compliance" (Tr. 19, 472).

The ALJ discredited Dr. Magley opinion of disability based on sufficient reason and substantial evidence in the record. The ALJ wrote:

> Again, my finding regarding the claimant's functioning abilities differs from the opinion of the claimant's treating physician, who reported that the claimant was disabled. See Ex. 17F/1. As noted above, I give this opinion little weight because it is inconsistent with the bulk of the record, including Dr. Magley's own chart notes. Additionally, I give the doctor's assessment little weight because in his letter, Dr. Magley claimed that the claimant was compliant with his treatment recommendations. This in incorrect, according to his own chart records. As noted below, time and again, Dr. Magley noted examples that showed that the claimant was not compliant with recommendations and prescriptions. Additionally, Dr. Magley did not address the functional limitations that supported his assertion that the claimant was disabled; he simply asserted that she was. That is insufficient, as a residual functional capacity assessment requires a function by function analysis of the claimant's capabilities. See S.S.R. 96-9p. Accordingly, I give the claimant's treating physician's letter, in which he declares her to be disabled, little weight.

Tr. 24.

The medical evidence in the record, as a whole, supports the ALJ's consideration of Dr. Magley's opinion. The ALJ noted that in November 2002, state agency physicians reviewed Plaintiff's file and concluded that she was capable of lifting 20 pounds occasionally, 10 pounds frequently; sitting and standing and/or walking 6 hours in an 8 hour day; with an unlimited capacity to push or pull; should never climb ladders, ropes, or scaffolds, but could occasionally climb ramps or stairs and occasionally balance, stoop, kneel, crouch, and crawl (Tr. 17, 341-346). The ALJ further noted Dr. McBaron, the medical expert, testified that Dr. Magley must have misspoke when he stated that Plaintiff had good compliance because "throughout the record there are statements of very poor compliance to the diabetes on her part" (Tr. 20, 495-496). Dr. McBaron added that Plaintiff's diabetes was not at a level that would stop a person from working (Tr. 20, 496). Dr. McBaron further testified that Plaintiff's other physical impairments would not prevent her from working and that he specifically agreed with the state agency physicians' RFC assessment (Tr. 20, 496-498). The expert testified that Plaintiff had been compliant in taking her insulin, but not compliant with any other treatment recommendations, including managing her diet, losing weight, or pursuing an exercise program (Tr. 20, 501, 509-512).

1    The medical evidence relied upon by the ALJ regarding Plaintiff's mental impairments supports the
2    ALJ's decision to give Dr. Magley's opinion little weight. The ALJ referred to Plaintiff's evaluation by Dr.
3    Hoiness in September 2002, when she reported that she could generally concentrate on most of her
4    schoolwork and that she had never seen a therapist for her alleged conditions (Tr. 21, 329-330). Dr.
5    Hoiness concluded that Plaintiff was capable of performing both simple and complex tasks as she did in her
6    college courses (Tr. 21, 333). Additionally, Dr. Hoiness opined that Plaintiff "would be able to interact
7    with supervisors, coworkers, and the public as her interpersonal skills [were] intact" (Tr. 21, 333). He
8    further noted that Plaintiff "seems very well controlled" and that "[s]he may have further improvement in
9    her mood and anxiety with an increase in the dose of her Zoloft" (Tr. 332-333). The ALJ further noted
10   that Dr. Magley's chart notes show that Plaintiff's mental complaints were well controlled on medication
11   (Tr. 22, 350, 356, 359, 360, 363,367, 373, 456, 457, 458, 459, 460). Dr. Magley's chart notes in July
12   2004, indicated that "Depression. Not an issue" (Tr. 456, 472).

13   In sum, the ALJ reasonably relied on (i) the inconsistencies in Dr. Magley's records, (ii) the state
14   agency physicians' opinions, and (iii) the medical expert's testimony when he considered and weighed the
15   opinion of Dr. Magley.

16   **B.   The ALJ properly considered and weighed Ms. Bodle's credibility and the statements of the lay witnesses submitted in support of Ms. Bodle's application for benefits**

17
18   The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's
19   interests are considered. Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). Bunnell v. Sullivan, 947
20   F.2d 341 (9th Cir. 1991) (*en banc*), is controlling Ninth Circuit authority on evaluating plaintiff's subjective
21   complaints of pain. Bunnell requires the ALJ findings to be properly supported by the record, and "must
22   be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's
23   testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.'"
24   Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)). Similarly,
25   the ALJ can reject the testimony of lay witnesses only if s/he gives reasons germane to each witness whose
26   testimony s/he rejects. Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) Dodrill v. Shalala, 12 F.3d
27   915, 919 (9th Cir. 1993).

28   An ALJ may reject a claimant's subjective pain complaints, if the claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of

REPORT AND RECOMMENDATION
Page - 5

1  job. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) However, as further explained in Fair v. Bowen,
2  *supra*, and Smolen v. Chater, *supra*, the Social Security Act does not require that claimants be utterly
3  incapacitated to be eligible for benefits, and many home activities may not be easily transferrable to a work
4  environment where it might be impossible to rest periodically.

5  Here, plaintiff raises the issue of whether the ALJ erred in finding plaintiff's testimony not credible
6  and whether the ALJ fairly considered the lay witness statements offered by Joyce Bodle (plaintiff's
7  mother) and Kelsi Bodle (plaintiff's niece).

8  After reviewing the ALJ's decision and the administrative record, the court finds that the ALJ
9  properly weighed plaintiff's credibility.  The ALJ stated, The claimant's allegations regarding her
10 limitations are not credible for the reasons set forth in the body of the decision.   Additionally, she has not
11 been compliant with treatment recommendations" (Tr. 26).  In the body of his decision, the ALJ noted
12 several instances in which Ms. Bodle did not follow medical advice or direction (Tr. 15 (plaintiff refused
13 Dr. Magley's recommendation to take insulin); Tr.16 (plaintiff noted not to be taking medications regularly
14 by Dr. Magley); Tr. 17 (plaintiff refused suggestion of insulin and refused to be weighed by Dr. Magley),
15 Tr. 18 (nurse noted plaintiff rarely tested her blood sugars); Tr. 19 (plaintiff resisted going to see an insulin
16 specialist and continued to smoke cigarettes).   Next the ALJ noted Ms. Bodle's claim that she vomits for
17 two hours after her morning and evening meals was not supported by the medical record, specifically the
18 records of Tr. Tuohy or Dr. Magley, (Tr. 21).   Similarly, the ALJ relied on the medical expert's opinion to
19 discredit the allegation that Ms. Bodle needed to rest for four hours each day due to vomiting, diarrhea and
20 side effects of her medications.  Finally, the ALJ relied on plaintiff's daily activities (which included caring
21 for two horses and driving a truck and tractor) to reject the degree of severity and disability alleged by Ms.
22 Bodle (Tr. 22).

23 Substantial evidence in the record supports the ALJ's analysis.  First, as discussed above, the
24 medical evidence properly relied on by the ALJ did not support Plaintiff's allegations of total disability.
25 The ALJ relied on his review of the  medical evidence when he considered Plaintiff's subjective allegations.
26 For example,  Plaintiff claimed she could not work because she could not sit or stand and because she
27 vomited and had diarrhea daily (Tr. 19, 521-522). The ALJ noted that Dr. McBaron testified that the
28 medical record did not support that Plaintiff vomited every day (Tr. 21, 507). The ALJ further noted that a

review of the longitudinal evidence did not support this complaint (Tr. 21). He noted that Plaintiff reported episodic vomiting on occasion, but never reported to either Dr. Tuohy or to Dr. Magley that her symptoms were as severe as she claimed at the hearing (Tr. 21).  He noted that Dr. McBaron testified, not only that the record did not support daily vomiting, but also that Plaintiff's medications would not require four hours of rest each day (Tr. 21, 507-508).

With respect to the lay witness statements, plaintiff argues the statements offered by Joyce and Kelsi Bodle corroborated the allegations of total disability made by Plaintiff and the opinion of Dr. Magley. As discussed above, the ALJ properly discredited the opinion of Dr. Magley and the allegations of total disability made by Plaintiff.   To the extent that Plaintiff's argument regarding the ALJ's treatment of the lay witnesses relies those arguments, the argument must fail.   The ALJ properly addressed the lay witness evidence when he stated it was not credible because it was inconsistent with the medical record

## CONCLUSION

Based on the foregoing, the Court should AFFIRM the administration's decision.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 2, 2006**, as noted in the caption.

DATED this 11th day of May, 2006.

*/s/ J. Kelley Arnold*
J.  Kelley  Arnold
U.S. Magistrate Judge